JEFFERSON BANK, Respondent, v. O. VOELKER COM-
MISSION COMPANY et al., Defendants; HENRY H.
LAUMEIER, Appellant.

**St. Louis Court of Appeals, April 9, 1901.**

**Promissory Note:** INDORSEMENT: CONTRACT. Where by an ex-
press written contract defendant guaranteed the indorsement of an-
other person to a promissory note, the defendant, when sued as
indorsee, will not be permitted to interpose a defense that his own
indorsement was conditional upon that of another, which he had
contracted to procure but failed to do so without legal excuse.

Appeal from St. Louis City Circuit Court.—*Hon. John A.
Talty* Judge.

AFFIRMED.

STATEMENT OF THE CASE.

This action was brought by the payee of a note for two
thousand dollars, dated February 13, 1899, due ninety days
thereafter with interest at the rate of eight per cent, signed by
O. Voelker Commission Company, and indorsed by O. Voelker
and H. H. Laumeier.

H. H. Laumeier alleged in his separate answer that the
note in suit was given in renewal of a former note to which he
was not a party, and that his indorsement was secured upon the
agreement between himself and the payee, that the note in suit
should be further indorsed by the wife of his co-defendant, Otto
Voelker, which indorsement he alleges was never had, nor was
the original note surrendered, wherefore, he claims to be dis-
charged.

The reply to this answer admitted that the note in suit was given in renewal of a former note for the same amount, which matured on the day the one in suit was given; averred that the defendant in this case tendered the note in suit as a renewal of the former one, and requested plaintiff to accept it and grant an extension of the aforesaid indebtedness, and as a consideration therefor, guaranteed that it would procure the indorsement of Clara E. Voelker, the wife of defendant, O. Voelker, by the following writing:

"St. Louis, Missouri, February 13, 1899.

"We, the undersigned, guarantee to procure the indorsement of Clara E. Voelker on the new note of $2,000, issued this day, and in lieu of the one due this day for like amount, all indorsed by ourselves and the said Clara E. Voelker.

(Signed.)        "O. O. Voelker,

           "H. H. Laumeier."

The reply further states that defendant, H. H. Laumeier, failed to secure the indorsement of said Clara E. Voelker, although plaintiff relying upon his agreement to that effect, accepted the note in suit in renewal of the former one and cancelled the old note and gave the extension of time asked by defendants, wherefore, the reply avers, that said Laumeier is estopped from setting up the defense contained in his answer.

The evidence showed that the note sued upon was protested for non-payment, and due notice of its dishonor was given to the defendants. The evidence for plaintiff tended to show that the former note was surrendered to the defendant at the time the one in suit was executed, and that the parties made no contract with reference to the further indorsement of the said note, other than that expressed in the above written undertaking on the part of the defendants. Defendant Laumeier testified, however, that the former note was not surrendered when the one now sought to be enforced was given, and that it was understood

between him and the payee that he should not be liable as an indorser unless the signature of Clara E. Voelker was also secured as a further indorsement.

The case was submitted to the court without a jury, who refused a declaration of law offered by defendant Laumeier to the effect that there could be no recovery against him under the pleadings and evidence, and also a declaration of law to the effect that if Laumeier, by agreement with the payee, was merely a contingent indorser of the note, there could be no recovery against him, and gave judgment for the amount of the principal and interest due on said note, from which defendant Laumeier has prosecuted an appeal to this court.

*Jos. W. Folk* for appellant.

(1) The court erred in refusing the declaration of law offered by defendant that if the defendant Laumeier indorsed the note sued on with the understanding and agreement with plaintiff that it should be indorsed by another, and that said additional indorsement was not secured, then defendant Laumeier is not liable as an indorser of said note. (2) Plaintiff can not recover on the note sued on, having retained the old note, for which the note sued on was given in renewal. Lumber Co. v. Mining Co., 78 Mo. App. 676. (3) The note sued on was never delivered to plaintiff in a legal sense. Ayers v. Milroy, 53 Mo. 521; Carter v. McClintock, 29 Mo. 464. (4) The manual delivery was made subject to the condition that it was to be indorsed by another before becoming a binding obligation. This additional indorsement not being secured, defendant is not liable on the note. County of Linn v. Farris, 52 Mo. 75. (5) Defendant Laumeier can not be held liable as indorser of the note sued on, having indorsed it with the understanding that it should be indorsed by another, which was not done. Ayers v.

Milroy, 53 Mo. 516; State v. Sandusky, 46 Mo. 380; Bank v. Phillips, 17 Mo. 29.     (6) The written guarantee, as to another indorsement, which plaintiff demanded, being a contemporaneous agreement, became a part of the note and rendered it a non-negotiable instrument.     Randolph on Commercial Paper, sec. 197; 1 Edw. on Bills and Notes, sec. 164; Tiedeman on Commercial Paper, secs. 41 and 41a; Ancil v. Brooks, 51 Mo. 178; Comstock v. Davis, 51 Mo. 567; Bank v. Gay, 63 Mo. 34; Bank v. Marlow, 71 Mo. 618.     (7) One who writes his name on the back of a non-negotiable note, is not liable as indorser, and can not be sued jointly with the maker.     Armstrong v. Conley, 64 Mo. 476.

*George M. Block* for respondent.

(1) Defendant Laumeier is liable on the note sued upon as an indorser.     Howard v. Jones et al., manuscript opinion No. 2658, rendered by St. Louis Court of Appeals; County of Montgomery v. Auchley, 92 Mo. 126; Gregory v. McCormick, 120 Mo. 657.     (2) Defendant Laumeier is estopped from setting up the defense sought to be interposed by him in this case. State ex rel. v. Branch, 151 Mo. 622; Reynolds v. Kroff, 144 Mo. 433; Commission Co. v. Railroad, 126 Mo. 353; Ratcliff v. Lumpee, 82 Mo. App. 335; Rich v. Donovan, 81 Mo. App. 192. (3) Even conceding that the note sued on was non-negotiable, and that Laumeier was merely a guarantor thereon, nevertheless, he was liable in this proceeding, and the petition is sufficient to sustain a judgment against him.     R. S. 1899, sec. 545; Adams v. Huggins, 78 Mo. App. 219; Adams v. Huggins, 73 Mo. App. 140; Maddox v. Duncan, 143 Mo. 619; Paper Co. v. Bosbyshell, 14 Mo. App. 534.

Vol 88 app—27

BOND, J.—The judgment is manifestly for the right party. By an express written contract, defendant Laumeier guaranteed the indorsement of Clara E. Voelker. He now seeks to avoid responsibility for having indorsed the note himself on the ground of breach of his own positive obligation to secure the indorsement of a third party, upon whose co-indorsement he claims his own liability depended. If the indorsement of this latter party had been secured, defendant admits that his own liability as indorser would have been full and complete; that it was not secured is due alone to his own breach of his uncondi- tional contract that it should be affixed to the note. To permit him to interpose a defense that his own indorsement was condi- tioned upon that of another, which he had contracted to procure but failed to do so without any legal excuse, would sanction a release from an obligation, resting upon a sufficient considera- tion, solely on the ground of the fault of the party who volun- tarily assumed it. This would be contrary to the plainest prin- ciples of the law and justice.

Under the facts shown by this record, the judgment was clearly the only one which ought to have been rendered. It is, therefore, affirmed. All concur.